**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANDRES LUCERO,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **A-24-CV-958-DII-ML** |
| **RAY DIAZ,** | § | |
| **Defendant.** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2) and Affidavit in Support of Motion to Proceed *In Forma Pauperis* (Dkt. 5).  Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

**I.      REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff Andres Lucero's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*.  Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status.  This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court

1

may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed without prejudice under 28 U.S.C. § 1915(e).  According to the indigent status, the Clerk of the Court would file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). However, service upon Defendant should be withheld pending the District Court's review of the recommendations made in this Report.    If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint.  Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972).  However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless

litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff Andres Lucero purports to sue Ray Diaz (or possibly Richard Diaz). Dkt. 1. He pleads that Diaz has beaten and raped Moni Bolton then "projects it to [Plaintiff]." Dkt. 1 ¶ 2–3. Plaintiff's Complaint goes on to plead that Ray Diaz has stalked Plaintiff and Moni Bolton. *Id.* at ¶ 3. In an affidavit attached to the refiling of his application for *in forma pauperis*, Plaintiff further alleges Diaz physically assaulted Plaintiff, made death threats, and followed him to his mother's house in Mission, Texas. Dkt. 5–1.

Generally, a federal court has jurisdiction over a case in two circumstances. The first, known as federal question jurisdiction, exists if a case "arises under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331. The second circumstance in which a federal court has jurisdiction is frequently termed diversity jurisdiction. *See generally* 28 U.S.C. § 1332 (setting out the elements required for jurisdiction based on "diversity of citizenship"). "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc.*, 319 F.3d 672, 674-675 (5th Cir. 2003).

Cases that arise out of the laws of the United States, or federal law, will have original jurisdiction in federal court. Plaintiff has not alleged a basis in federal law for this Complaint. Furthermore, Plaintiff has not alleged any facts that would support diversity jurisdiction. To do so, Plaintiff would have to show that he is not of the same citizenship as the Defendant, and meet the amount in controversy requirement. Individuals are citizens of the state in which they have domicile, and from Plaintiff's pleadings, it appears that both Plaintiff and Ray Diaz have been living in Texas for at least several months at the time of the Complaint. Dkt. 1; Dkt. 5–1.

Accordingly, the court does not have federal question or diversity jurisdiction. The undersigned will recommend that Plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction.

### III.    ORDER AND RECOMMENDATIONS

The Magistrate Court hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2).   The Magistrate Court **RECOMMENDS** the District Court **DISMISS WITHOUT PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Court should now be canceled.

### IV.    WARNING

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.   The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.   *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED October 16, 2024.

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE